**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INTERNAL REVENUE SERVICE, | : | CIVIL ACTION NO. 06-106 (MLC) |
| Appellant | : | **MEMORANDUM OPINION** |
| v. | : | |
| PAUL DIPASQUALE, et al., | : | |
| Appellees. | : | |

**COOPER, District Judge**

This matter comes before the Court on the consolidated appeals by the Internal Revenue Service ("IRS") from orders entered by the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") (1) denying the IRS's motion for summary judgment, and (2) granting Paul and Laura DiPasquale's ("the DiPasquales") motion for summary judgment.[1] The IRS argues that the Bankruptcy Court erred when it determined that the IRS must release the federal tax lien on the DiPasquales' residence. The IRS moves to stay the enforcement of the Bankruptcy Court's order to release the tax lien. For the reasons stated herein, the Court will affirm the orders of the Bankruptcy Court. The

---

[1] The orders were issued following argument before the Bankruptcy Judge on December 12, 2005. The judge rendered a decision from the bench, and formal written orders were filed on December 13, 2005 and December 22, 2005. (Bankr. dkt. 04-02199 entry nos. 8, 10.) The written orders contain no additions to the oral decision. The Court will cite to the underlying December 12 record.

Court will deny the motion to stay as moot because the Court here renders a decision on the merits.

## BACKGROUND

These appeals arise out of an adversary proceeding in the bankruptcy action, In re Paul J. & Laura Ann DiPasquale, No. 04-02199 (KCF).[2]  The DiPasquales filed a voluntary petition under Chapter 13 of the Bankruptcy Code ("the Code") on May 11, 2000. (Bankr. dkt. no. 00-55049, entry no. 1.)  The DiPasquales Chapter 13 plan ("the Plan") was confirmed on February 7, 2001. (Bankr. dkt. no. 00-55049, entry  no. 20.)  The Bankruptcy Court issued an order pursuant to 11 U.S.C § ("Section") 1328(a), granting the DiPasquales a discharge from bankruptcy on June 21, 2002. (Bankr. dkt. no. 00-55049, entry  no. 25.)  The case was closed on September 23, 2002.  (Bankr. dkt. no. 00-55049, dkt. entry after dkt. entry no. 26.)

The DiPasquales initiated an adversary proceeding against the IRS in this Court on July 8, 2004.  They sought the release of a federal tax lien held by the IRS.  (Dkt. no. 04-02199, entry no. 1.)  This Court referred the matter to the Bankruptcy Court. In the Bankruptcy Court, the IRS moved for summary judgment in its favor, and the DiPasquales cross-moved for summary judgment in their favor.  (Id. at entry nos. 6,7.)  The Bankruptcy Court

---

[2] The initial Chapter 13 bankruptcy petition, and the related proceedings are designated docket number 00-55049.

(1) denied the IRS's motion, (2) granted the DiPasquales' cross-motion, (3) entered summary judgment in favor of the DiPasquales, and (4) directed the IRS to release the tax lien.  (Id. at entry nos. 8, 10.)  The IRS now appeals to this Court.[3]  It frames the issue on appeal as "[d]id the Bankruptcy Court err when it held that IRS must discharge the federal tax lien from [the DiPasquales'] personal residence?"  (IRS Br., at 4.)

**DISCUSSION**

The IRS argues that the Bankruptcy Court's orders should be reversed because (1) the IRS was not required to include its secured claim on its proof of claim, and (2) the Plan provided that (a) the IRS's claim would be paid in full, and (b) the lien would be retained until the IRS received full payment.  (IRS Br., at 8, 11.)  The IRS asserts that it was not paid, therefore, the tax lien should not have been discharged.  (Id. at 8.)  The DiPasquales argue that the orders of the Bankruptcy Court should be affirmed because (1) the Plan provided for the payment of secured claims and the voiding of any liens related to those secured claims, (2) the DiPasquales, the Trustee, and the

---

[3] The appeal from the Bankruptcy Court's order denying the IRS's motion for summary judgment is assigned docket number 06-106.  The appeal from the order granting summary judgment in favor of the DiPasquales was filed separately and assigned docket number 06-107.  By order of this Court, the appeals were consolidated under docket number 06-106.  The briefs filed in the appeals are identical.  The Court, therefore, will address both appeals in this opinion.

3

Bankruptcy Court assumed that the IRS did not have a secured claim because no such claim was included in the proof of claim, and (3) the secured claims were satisfied, and the accompanying liens voided upon completion of the Plan.  (DiPasquales Br., at 5-6.)

I.  **District Court Authority to Review Bankruptcy Proceedings**

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees.  28 U.S.C. § 158(a).  The district court reviews the bankruptcy court's findings of fact for clear error, and its conclusions of law de novo.  In re Trans World Airlines, Inc., 322 F.3d 283, 287 (3d Cir. 2003); In re Response U.S.A., Inc., 288 B.R. 88, 92 (D.N.J. 2003).  Whether a debt is dischargeable is a mixed question of fact and law that is reviewed de novo.  Miller v. United States, 363 F.3d 999, 1004 (9th Cir. 2004).

The Bankruptcy Court orders at issue in these appeals concern the status of a tax lien held by the IRS subsequent to the grant of the DiPasquales' discharge from bankruptcy.  The Court, therefore, reviews the orders de novo.

II. **The Adversary Action**

A.  **The Parties' Arguments**

The DiPasquales, in their adversary action, sought expungement of a federal tax lien that encumbers their residence. (Adversary Compl.)  They argued that the Plan provided that once

4

the IRS's secured claim was paid, the lien securing the claim would be void and have no further effect.  (DiPasquales Br. in Supp. of Cross Mot. for Summ. J., at 2.)  The claim was valued at zero because the IRS failed to include it in its proof of claim.  (Id.)  The claim, therefore, was considered satisfied, and the corresponding lien was subject to discharge.  (Id.)

The IRS argued that the DiPasquales were not entitled to a release of the federal tax lien because (1) liens pass through bankruptcy unaffected, and (2) the IRS's failure to include the secured claim in its proof of claim was irrelevant.  (IRS Br. in Supp. of Mot. for Summ. J., at 4-5.)  As stated by the Plan, the tax lien could only be discharged upon full payment of the IRS's priority and secured claims.  (Id. at 6.)

### B. The Bankruptcy Court's Decision

The Bankruptcy Court, following a hearing, denied the IRS's motion seeking the entry of summary judgment in its favor, and granted the DiPasquales' cross motion seeking the entry of summary judgment in their favor.  (See 12-22-05 Order, In re Paul J. & Laura Ann DiPasquale (KCF).)  The Bankruptcy Court further ordered that the IRS "prepare and file releases for the Notice of Federal Tax lien."  (Id.)

The Bankruptcy Court acknowledged that the Plan (1) "made explicit and express reference to the treatment of liens after confirmation," (2) indicated that all secured claims would be

5

provided for pursuant to the Bankruptcy Code, and (3) stated that any lien would be retained until the secured portion of the claim was satisfied. (12-12-05 Tr., In re Paul J. & Laura Ann DiPasquale, No. 04-02199, at 8.) Relying on In re Szostek, 886 F.2d 1405 (3d Cir. 1989), the Bankruptcy Court emphasized that once confirmed, the terms of the Plan bound the parties even if the terms did not comply with the Code. (Id. at 7-8.) The IRS did not assert a secured claim in its proof of claim, and

> instead it [the IRS] filed a Proof of Claim that the Trustee relied upon when making distribution and the Debtors relied upon when seeking the amount of refinancing. The parties had every reason to believe that the IRS, which had chosen to seek distribution in a plan that expressly dealt with secured claims, would be satisfied with the treatment proposed. Again Szostek mandates that the parties be permitted to rely on the finality of the Order of Confirmation. And this Order of Confirmation only provided for claims asserted in the bankruptcy.

(Id. at 9-10.) Asserting that "Szostek is such a powerful force in this case," the Bankruptcy Court did not reach the other arguments presented by the IRS and the DiPasquales. (Id. at 10.) The Bankruptcy Court granted summary judgment in favor the DiPasquales and denied summary judgment in favor of the IRS.

### III. Treatment of Tax Liens in Bankruptcy Plans

The IRS and the DiPasquales, in their briefs on appeal, focus their attention on the proof of claim submitted by the IRS. Both acknowledge that the proof of claim submitted by the IRS did not include the claim secured by the tax lien. (IRS Br., at 9;

6

DiPasquales Br., at 5.)  The IRS argues it was not obligated to include the secured claim in the proof of claim to retain the lien.  (IRS Br., at 11.)  The DiPasquales argue that they assumed the IRS had no secured claim to be paid because no such claim was included in the proof of claim.  (DiPasquales Br., at 5-6.)  Upon completion of the Plan, therefore, the secured claim was satisfied.  (Id. at 5-6.)

Failure to file a proof of claim does not void a tax lien. In re Tarnow, 749 F.2d 464, 467 (7th Cir. 1984); In re Hydorn, 94 B.R. 608, 613 (Bankr. W.D. Mo. 1988); In re Bradshaw, 65 B.R. 556, 557 (Bankr. M.D.N.C. 1986).  The IRS is not required to file a proof of claim for a secured tax lien, and it "does not waive its secured status by failing to file a proof of claim."  In re Bisch, 159 B.R. 546, 549 (B.A.P. 9th Cir. 1993) (holding that failure to list tax lien in the proof of claim did not affect the validity of the lien).

The general rule, in bankruptcy proceedings, is that liens pass through bankruptcy unaffected. Cen-Pen Corp. v. Hanson, 58 F.3d 89, 92 (4th Cir. 1995); In re Wolf, 162 B.R. 98, 106 (Bankr. D.N.J. 1993) ("a chapter 13 plan must address the creditor's lien or it will be unaffected by the bankruptcy proceeding").  "A secured creditor may choose not to participate in the bankruptcy process, not to file a proof of claim, and look solely to its lien for satisfaction."  In re Wolf, 162 B.R. at 105.  A "tax

7

lien continues until there is payment on the taxes it secures or the statute of limitations runs on the collection of such lien." In re Junes, 99 B.R. 978, 980 (B.A.P. 9th Cir. 1989).

A debtor must take some affirmative step in order to avoid, extinguish, or modify a lien during the bankruptcy process. Cen-Pen, 58 F.3d at 92; see also In re Junes, 99 B.R. at 981 (holding that the tax lien survived the bankruptcy proceeding because the debtors did not take any steps to avoid the lien); In re Tarnow, 749 F.2d at 465-66 (same). A bankruptcy plan does not eliminate a lien by merely failing to refer to, or provide for the lien. Cen-Pen, 58 F.3d at 94. If a plan does not address or provide for a lien, then the lien passes through the bankruptcy process intact, unless an adversary proceeding regarding the lien is initiated. Id. "A plan 'provides for' a claim or interest when it acknowledges the claim or interest and makes explicit provision for its treatment." Id.; see also In re Hydorn, 94 B.R. at 613 (noting that a plan "provides for" a claim for the purposes of confirmation or discharge when it deals with, or refers to the claim). The Court recognizes, therefore, that the IRS did not have to include the lien in its proof of claim to retain the lien. The Court, however, must analyze the effect the confirmation of the Plan had on the secured claim and lien, and whether the Plan took an affirmative step to avoid or modify the lien.

8

**IV. Chapter 13 Plans are Final**

The Code provides that a bankruptcy court "shall" confirm a Chapter 13 plan if the plan, inter alia, complies with the Code, and was proposed in good faith and not by a means forbidden by law. 11 U.S.C. § 1325. Once confirmed by a court, a bankruptcy plan cannot be challenged absent a showing of fraud. In re Szostek, 886 F.2d at 1409-10. "[T]he failure to raise an objection at the confirmation hearing, or to appeal from the confirmation order, should preclude an attack on the plan or any provision therein." Id. at 1410 (agreeing with the decision of the Court of Appeals in the Ninth Circuit). Once confirmed a creditor is "foreclosed from challenging any of the plan's provisions even if such a provision is inconsistent with the Code." Miller v. United States, 363 F.3d at 1004. "The general rule is that acceptance of the plan by a secured creditor can be inferred by the absence of an objection." In re Szostek, 866 F.2d at 1413.

Section 1327(a) of the Code provides:

> [t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted or has rejected the plan.

11 U.S.C. § 1327(a). "[A] confirmation order is res judicata as to all issues decided or which could have been decided at the hearing on confirmation." In re Szostek, 886 F.2d at 1408; see

9

also In re Wolf, 162 B.R. at 103 (citing In re Szostek).  Any challenges to the propriety of a confirmation order should be addressed through a direct appeal.  In re Szostek, 886 F.2d at 1413.

The Bankruptcy Court confirmed the DiPasquales' bankruptcy plan on February 7, 2001.  (Dkt. no. 00-55049, entry no. 20.)  The IRS, and the DiPasquales, consistent with the opinion of the Bankruptcy Court, do not dispute the finality of the Plan.  The disconnect between the two parties appears to be each parties' understanding of the provisions of the Plan and the effect discharge has on those provisions.

**V.   Discharge from Bankruptcy**

The Bankruptcy Court granted the DiPasquales a discharge from bankruptcy on June 21, 2002, pursuant to Section 1328(a).  There were no objections to the request for discharge, and no appeals were taken from the order of discharge.  Section 1328 of the Code provides; "as soon as practicable after completion by the debtor of all payments under the plan . . . the court shall grant a discharge of all debts provided for by the plan or disallowed under section 502."  11 U.S.C. § 1328(a); In re Dixon, 209 B.R. 535, 538 (Bankr. W.D. Okla. 1997).

Discharge pursuant to Section 1328 does not mean a creditor's claim ceases to exist or has been satisfied. Discharge relieves the debtor of any further liability on debts

provided for by the plan, and eliminates a debtor's legal obligation to pay the debt.  In re Hughes, 166 B.R. 103, 105 (Bankr. S.D. Ohio 1994).  Creditors are prohibited from attempting to collect on a debt that has been discharged.  (See 6-21-02 Bankr. Ct. Order, dkt. no. 00-55049.)

Debts that are "provided for" by the plan are discharged. 11 U.S.C. § 1328.  Providing for a debt or claim in the plan, however, is not synonymous with paying the claim.  "Provided for" as used in Section 1328(a) "simply requires that for a claim to become dischargeable, the plan must make provision for it, i.e. deal with it or refer to it."  In re Daniel, 107 B.R. 798, 802 (Bankr. N.D. Ga. 1989) (internal quotes and cites omitted).  A claim can be provided for in a plan even though the creditor neither receives, nor is entitled to payment from the plan.  In re Dixon, 209 B.R. at 539; In re Daniel, 107 B.R. at 802; In re Miller, 100 B.R. 898, 900 (Bankr. N.D. Ohio 1989); see also In re Koerperich, 5 B.R. 752, 754 (Bankr. D. Neb. 1980) (noting that "a debtor who files a zero-payment plan has completed 'payments under the plan'" and is eligible for discharge pursuant to Section 1328).

A plan may provide for full payment of a claim, as required by the Code.  The failure of the creditor to receive payment, however, does not make the claim ineligible for discharge.  In re Dixon, 209 B.R. at 539 (noting that as required by the Code, the

11

plan provided for full payment of the IRS's claim, but the fact that the IRS did not receive payment did not change the court's conclusion that the debtor's tax liability was discharged); see also In re Daniel, 107 B.R. at 802 (dismissing the IRS's argument that its tax claim was not "provided for" in the plan because the IRS was not actually paid under the plan).

A lien may survive discharge if it is not eliminated or avoided through the bankruptcy proceedings. A plan providing for retention of the lien, however, can only provide for retention of the lien until the debt the lien secures is paid. In re Echevarria, 212 B.R. 26, 28 (Bankr. D.P.R. 1997) (noting that the general rule that liens pass through bankruptcy proceedings unaffected must be qualified). "Where a debt qualifies to be discharged . . . and such a discharge is granted, there no longer exists any debt to support the existence of the lien." In re Willey, 24 B.R. 369, 372 (Bankr. E.D. Mich. 1982) ("[c]ertainly where a debt is discharged its underlying lien must also be terminated"). For a lien to survive bankruptcy, the underlying claim must not be provided for in the plan. In re Echevarria, 212 B.R. at 28.

**VI.  The Status of the IRS's Tax Lien**

The DiPasquales' bankruptcy plan was final upon its confirmation, and there has been no allegation of fraud. The Court, therefore, as recognized in Szostek, is bound by the

language of the Plan when evaluating the status of the lien.  No party disputes that the Court must enforce the provisions as articulated in the Plan.  As recognized supra, the IRS's omission of the secured claim from the proof of claim, alone, does not void the lien and is not fatal to the IRS's position.

The Court finds, and both parties agree, that the Plan provided for the IRS's lien.  (IRS Br., at 7-9; DiPasquales Br., at 4-5.)  This is the determinative factor in these appeals.  The lien would have passed unaffected through the bankruptcy proceedings, absent the provisions in the Plan providing for the lien.  The Plan, however, explicitly provided for the retention and termination of the lien.

Under the heading "SECURED CREDITORS" the Plan states: "[a]ll claims that are secured will be provided for in accordance with the provisions of Section 1325(a) of the Bankruptcy Code and shall retain any lien until payment of the secured portion of the claim is satisfied pursuant to this plan."  (Bankr. Plan.)  A subheading within the "SECURED CREDITORS" heading provides: "Class VI- Internal Revenue Service: This claim consists of the secured claim of the Internal Revenue Service as a result of a Notice of Federal Tax Lien filed in Ocean County.  The IRS shall receive full payment of its secured claim from the sale of the Debtors residence."  (Id.)  Finally, under the heading "MISCELLANEOUS PROVISIONS" the Plan provides: "[u]pon completion

13

of the payments under the plan, these liens will be deemed void and will be of no further effect without any further order of this Court." (Id.)

Based on the language of the Plan, the IRS argues that its lien must be retained because it has not received full payment for its secured claim. (IRS Br., at 8-9 (emphasis added).) The DiPasquales argue that the Plan addressed the IRS's secured claim, but they assumed the IRS had no secured claim to be paid because it was not included on the proof of claim. (DiPasquales Br., at 5.) The completion of the Plan, therefore, meant the secured claim was satisfied and that the accompanying lien was void. (Id. at 9.)[4]

The language of the Plan, when read literally supports the IRS's interpretation. Providing for the secured claim and lien in the Plan, however, made the claim subject to discharge pursuant to Section 1328. As recognized supra, a debt is subject to discharge when it is provided for in a plan, not when it is paid. Similar to the plan in Dixon, the DiPasquales' plan provided that the IRS would receive full payment. Failure to pay the debt or submit full payment, however, does not affect whether

---

[4] The Bankruptcy Court observed that the Plan was completed when the DiPasquales refinanced their residence, rather than selling it as the Plan had directed. (12-12-05 Tr., In re Paul J. & Laura Ann DiPasquale, No. 04-02199, at 6.) This Court sees no reason to disturb this factual finding by the Bankruptcy Court.

the claim can be discharged.  To be dischargeable, it is sufficient that the Plan acknowledged or referred to the IRS's secured claim and lien.  While the IRS may not have received full payment of the secured claim as the Plan indicated, the Plan did provide for the IRS's claim.[5]  The Bankruptcy Court expressed its reasoning as follows:

> Here, the Debtors' plan made explicit and express reference to the treatment of liens after confirmation. It specifically provided that all claims that are secured will be provided for in accordance with the provisions of 1325(a) of the Bankruptcy Code and shall retain any lien until payment of the secured portion of the claim is satisfied pursuant to this plan, after which event, said lien will be void . . . this lienholder did file a Proof of Claim.  The IRS did participate in a proceeding and did receive distribution under the confirmed plan.
> Why the IRS chose partial participation is a mystery.  But the reasoning of <u>Szostek</u> is that all Creditors who have an opportunity to adjudicate their rights in Chapter 13 are bound by the final Order of Confirmation, even if it is contrary to the Code, no less other law.  There is no wiggle room in that decision to allow Creditors to adjudicate some but not all of their rights.  That position would be antithetical not only to <u>Szostek</u> but to the Single Controversy Doctrine.
> The IRS argument that the plan calls for distribution to secured Creditors carries somewhat more force and would almost certainly carry the day if the IRS had asserted a secured claim.  Instead, it filed a Proof of Claim that the Trustee relied upon when making

---

[5] The IRS's claim was not the only secured claim provided for in the Plan, but allocated no payment.  Four other secured claims listed on the Standing Trustee's Final Report, three of which are specifically mentioned in the Plan, received no payment.  (Standing Trustee Final Rep.)

> distribution and the Debtors relied upon when seeking the
> amount of refinancing.  The parties had every reason to
> believe that the IRS, which had chosen to seek
> distribution in a plan that expressly dealt with secured
> claims, would be satisfied with the treatment proposed.
> Again Szostek mandates that the parties be permitted to
> rely on the finality of the Order of Confirmation. And
> this Order of Confirmation only provided for claims
> asserted in the bankruptcy.

(12-12-05 Tr., In re Paul J. & Laura Ann DiPasquale, No. 04-02199, at 8-10.)

We will affirm the holding of the Bankruptcy Court that the discharge order eliminated the DiPasquales' liability on the secured IRS claim.  No claims exist to support the retention of the IRS's tax lien.  This Court, therefore, affirms the Bankruptcy Court's orders awarding summary judgment in favor of the DiPasquales and denying summary judgment in favor of the IRS.  The part of the order directing the IRS to file releases for the Notice of Federal Tax liens is also affirmed.

The IRS, in addition to the appeals, has moved for a stay of the Bankruptcy Court's order to release the tax lien.  The Court will deny the motion as moot because the Court has addressed the appeals on the merits.

## **CONCLUSION**

The Court, for the reasons stated *supra*, will affirm (1) the December 13, 2005, and (2) the December 22, 2005 orders of the United States Bankruptcy Court for the District of New Jersey. An appropriate order will issue.

                                               s/ Mary L. Cooper
                                               **MARY L. COOPER**
                                               United States District Judge